## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **VILLAGE GREEN TECHNOLOGIES, LLC,**<br>PO Box 201<br>Mountain View, CA 94042<br><br>                    Plaintiff,<br><br>    vs.<br><br>**SAMSUNG ELECTRONICS CO., LTD,**<br>129 Samseong-ro, Yeongtong-gu Gyeonggi-do 16677<br>Suwon-Shi, Republic of Korea (South)<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.,**<br>a corporation,<br>6625 Excellence Way<br>Plano, TX 75023<br><br>                    Defendant. | Case No. _____ |

## **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Village Green Technologies, LLC ("Village Green" or "Plaintiff"), by and through its counsel, David Moore and Carl Brundidge of Brundidge & Stanger, P.C., and hereby files this Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics" or "Defendant") and Samsung Electronics America, Inc. ("Samsung Electronics America" or "Defendant") (collectively or "Samsung" or "Defendants").

For its Complaint against Defendants, Plaintiff alleges as follows:

### **THE PARTIES**

1.      Village Green is a limited liability company organized and existing under the laws of the state of California, with a mailing address of PO Box 201, Mountain View, California 94042.

2. Samsung Electronics is company organized and existing under the laws of the Republic of Korea, with a principal place of business at 129 Samseong-ro, Yeongtong-gu Gyeonggi-do 16677 Suwon-Shi, Republic of Korea (South).

3. Samsung Electronics America is a wholly owned subsidiary of Samsung Electronics, is a corporation organized and existing under the laws of the State of Delaware and has regular and established places of business in the Eastern District of Texas, including Plano, Texas at 6625 Excellence Way, Plano, Texas 75023. Thus, Defendants regularly conduct business in the Eastern District of Texas.  Defendants' registered agent for service of process in Texas is CT Corporation Systems, located at 350 N. St. Paul Street, Dallas, Texas 75201.

## NATURE OF THE ACTION

4. Village Green has developed novel methods and apparatus of displaying and initiating the display of data on multiple displays of portable electronic devices, including smartphones.

5. This is an action for patent infringement.  Defendants are infringing the claims of Village Green's patents, namely U.S. Patent No. 9,864,401 (the "'401 Patent") and U.S. Patent No. 10,620,663 (the "'663 Patent") by selling, offering to sell and importing into the U.S. products including portable electronic devices, including smartphones, that infringe the claims of Village Green's patents in violation of Village Green's intellectual property rights.  A copy of the '401 patent is attached to this complaint as Exhibit 1, and a copy of the '663 patent is attached to this complaint as Exhibit 2.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1338(a) (any act of Congress relating to patents or trademarks).

7.  This Court has personal jurisdiction over Defendants because Defendants have regular and established places of business in the Eastern District of Texas, including Plano, Texas, have committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Texas, including in this District.  The acts by Defendants cause injury to Village Green within this District.  Upon information and belief, Defendants derive substantial revenue and profits from the sale of infringing products within this District, expects its actions to have consequences within this District, and derive substantial revenue and profits from interstate and international commerce. Defendants have has caused tortious injury to Village Green in Texas by acts of patent infringement in the Eastern District of Texas, in addition to having regular and established places of business in Texas. For example, Defendants have a regular and established place of business in Plano, Texas.  Jurisdiction is proper pursuant to 28 U.S.C. §1338(a).

8.  Venue is proper within this District under 28 U.S.C. §§ 1391 and 1400(b).  Defendants have a regular and established place of business in this District in Plano Texas and have offered and sold and continues to offer and sell its infringing products and services in this District.

## FACTUAL ALLEGATIONS

9.  Village Green has protected its novel methods and apparatus of displaying and initiating the display of data on multiple displays of portable electronic devices, including smartphones, through validly issued patents.  The patents that Village Green has been awarded are the utility patents as described below, to which Village Green owns all rights, title, and interest.

10. On January 9, 2018, the 401 Patent, entitled Multiple Displays for a Portable Electronic Device and a Method of Use, was duly and legally issued to inventors Tina Ebey and Peter B. Bishop.  The '401 Patent has been duly and legally assigned to Village Green.

11. On April 14, 2020, the '663 Patent, entitled Multiple Displays for a Portable Electronic Device and a Method of Use, was duly and legally issued to inventors Tina Ebey and Peter B. Bishop.  The '663 Patent has been duly and legally assigned to Village Green.

12. Defendants had prior knowledge, should have known, or at least been willfully blind of the '401 Patent and '663Patent (collectively, "Patents in Suit").

13. Defendants design, make, use, sell and/or support smartphone products with multiple displays under the product family names "Galaxy Fold" and "Galaxy Flip."

14. As alleged herein, Defendants have engaged in actions that have directly and indirectly infringed the Village Green Patents in Suit.

15. For the Patents in Suit, Defendants had directly infringed by making, using, selling, offering to sell, and/or importing infringing products into the United States.

16. For the Patents in Suit, Defendants have contributorily infringed by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patent process, constituting a material part of the claimed invention, knowing the same to be especially made or adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

17. For the Patents in Suit, Defendants have induced infringement by encouraging acts of direct infringement, when Samsung knew or should have known it was inducing direct infringement.  Defendants' acts of encouragement include but are not limited to (a) selling to,

supplying to, encouraging, helping design, and/or supporting Samsung's customers to use its infringing products and methods, and (b) selling to, supplying to, encouraging, and/or instructing third parties how to use certain Samsung products.

## **CLAIM FOR RELIEF**

### Infringement of the '401 Patent

18. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 above as if fully set forth herein.

19. Defendants have infringed and continues to infringe, directly and/or indirectly under the doctrine of equivalents, one or more claims of the '401 Patent, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f); at least by making, using, selling, offering to sell and/or importing products in the United States (and/or contributing to and/or inducing others to do the same), including but not limited to the "Galaxy Fold" and the "Galaxy Flip" product families.

20. Upon information and belief, Samsung has directly and/or indirectly infringed at least claims 1, 5, 8-10 and 17 of the '401 Patent by selling its Galaxy Fold wireless phone (*i.e.*, "portable device") because it comprises a primary and secondary display and the secondary display is integrated with the smartphone by a hinge as per Page 4 of the Galaxy Fold User Manual ("Galaxy Fold User Manual") (*see* Ex. 3). Furthermore, the secondary display is physically protected when the smartphone is in the folded position (*i.e.*, "stowed") as per page 10 of the Galaxy Fold User manual. The Galaxy Fold also runs a second application (*e.g.*, a reminder application) on its secondary display while the primary display runs a first application (*e.g.*, a calendar application) when the phone uses "Split Screen View" in at least one of a plurality of operating modes (*e.g.*, "Multi window mode") as per page 33 of the Galaxy Fold user Manual.  Both applications are visible to the Galaxy Fold user, thereby allowing the user to

select information being displayed on one of the displays to cause a display of information in the other of the displays. Further, the user can also access display screens of "Recent apps" by the "Recent apps" button on the "Navigation bar." After an application has been opened, it is added to the "Recent apps" stack and the user can access any app in the list by tapping one of the series of icons of the display screen of "Recent apps" to be displayed on the secondary display as per pages 18-19 and 33 of the Galaxy Fold User Manual.

21.     Upon information and belief, Samsung has directly and/or indirectly infringed at least claims 1, 5, 8-10 and 17 of the '401 Patent by selling its Galaxy Z Flip wireless phone (*i.e.*, "portable device") because it comprises a primary and secondary display and the secondary display is integrated with the smartphone by a hinge as per Page 3 of the Galaxy Z Flip User Manual ("Galaxy Z Flip User Manual") (*see* Ex. 4). Furthermore, the secondary display is physically protected when the smartphone is in the folded position (*i.e.*, "stowed") as per page 2 of the Galaxy Z Flip User manual. The Galaxy Z Flip also runs a second application (on its secondary display while the primary display runs a first application in at least one of a plurality of operating modes.  Both applications are visible to the Galaxy Z Flip user, thereby allowing the user to select information being displayed on one of the displays to cause a display of information in the other of the displays. Further, the user can also access display screens of "Recent apps" by the "Recent apps" button on the "Navigation bar." After an application has been opened, it is added to the "Recent apps" stack and the user can access any app in the list by tapping one of the series of icons of the display screen of "Recent apps" to be displayed on the secondary display as per pages 18-19 and 33 of the Galaxy Fold User Manual as per page 37 of the Galaxy Z Flip User manual.

22. Samsung's continuing actions as alleged herein are inducing infringement of the '401 Patent by encouraging acts of direct infringement, and Samsung knows or should have known it is inducing direct infringement by (a) selling to, supplying to, encouraging, helping design, and/or supporting Samsung's customers to use its infringing products and methods, including the Galaxy Fold and the Galaxy Z Flip, and (b) selling to, supplying to, encouraging, and/or instructing third parties how to use such Samsung products and methods, including the Galaxy Fold and the Galaxy Z Flip.

23. Samsung's continuing actions as alleged herein are contributorily infringing the '401 Patent by offering to sell within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '401 Patent, knowing the same to be especially made or adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24. Village Green is informed and believes, and on that basis alleges, that Samsung has gained substantial profits by virtue of its infringement of the '401 Patent.

25. Village Green has sustained damages as a direct and proximate result of Samsung's infringement of the '401 Patent.

26. Village Green will suffer and is suffering irreparable harm from Samsung's infringement of the '401 Patent.  Village Green has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '401 Patent.  Unless enjoined, Samsung will continue its infringing conduct.

**Infringement of the '663Patent**

27. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 above as if fully set forth herein.

28. Samsung has infringed and continues to infringe, directly and/or indirectly under the doctrine of equivalents, one or more claims of the '663Patent, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f); at least by making, using, selling, offering to sell and/or importing products in the United States (and/or contributing to and/or inducing others to do the same), including but not limited to the "Galaxy Fold" and the "Galaxy Flip" product families.

29. Upon information and belief, Samsung has directly and/or indirectly infringed at least claims 1-7, 9, 10, 15, 22-31, 34 and 41 of the '663 Patent by selling its Galaxy Fold wireless phone (*i.e.*, "portable device") because it comprises a primary and secondary display and the secondary display is integrated with the smartphone by a hinge as per Page 4 of the Galaxy Fold User Manual ("Galaxy Fold User Manual") (*see* Ex. 3). Furthermore, the secondary display is physically protected when the smartphone is in the folded position (*i.e.*, "stowed") as per page 10 of the Galaxy Fold User manual. The Galaxy Fold also runs a second application (*e.g.*, a reminder application) on its secondary display while the primary display runs a first application (*e.g.*, a calendar application) when the phone uses "Split Screen View" in at least one of a plurality of operating modes (*e.g.*, "Multi window mode") as per page 33 of the Galaxy Fold user Manual. Both applications are visible to the Galaxy Fold user, thereby allowing the user to select information being displayed on one of the displays to cause a display of information in the other of the displays. Further, the user can also access display screens of "Recent apps" by the "Recent apps" button on the "Navigation bar." After an application has been opened, it is added to the "Recent apps" stack and the user can access any app in the list by tapping one of the series

of icons of the display screen of "Recent apps" to be displayed on the secondary display as per pages 18-19 and 33 of the Galaxy Fold User Manual.

30. Upon information and belief, Samsung has directly and/or indirectly infringed at least claims 1-7, 9, 10 15, 22-29, 34 and 41 of the '663 Patent by selling its Galaxy Z Flip wireless phone (*i.e.*, "portable device") because it comprises a primary and secondary display and the secondary display is integrated with the smartphone by a hinge as per Page 3 of the Galaxy Z Flip User Manual ("Galaxy Z Flip User Manual") (*see* Ex. 4). Furthermore, the secondary display is physically protected when the smartphone is in the folded position (*i.e.*, "stowed") as per page 2 of the Galaxy Z Flip User manual. The Galaxy Z Flip also runs a second application (on its secondary display while the primary display runs a first application in at least one of a plurality of operating modes. Both applications are visible to the Galaxy Z Flip user, thereby allowing the user to select information being displayed on one of the displays to cause a display of information in the other of the displays. Further, the user can also access display screens of "Recent apps" by the "Recent apps" button on the "Navigation bar." After an application has been opened, it is added to the "Recent apps" stack and the user can access any app in the list by tapping one of the series of icons of the display screen of "Recent apps" to be displayed on the secondary display as per pages 18-19 and 33 of the Galaxy Fold User Manual as per page 37 of the Galaxy Z Flip User manual.

31. Samsung's continuing actions as alleged herein are inducing infringement of the '663 Patent by encouraging acts of direct infringement, and Samsung knows or should have known it is inducing direct infringement by (a) selling to, supplying to, encouraging, helping design, and/or supporting Samsung's customers to use its infringing products and methods, including the Galaxy Fold and the Galaxy Z Flip, and (b) selling to, supplying to, encouraging, and/or

instructing third parties how to use such Samsung products and methods, including the Galaxy Fold and the Galaxy Z Flip.

32. Samsung's continuing actions as alleged herein are contributorily infringing the '663 Patent by offering to sell within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '663 Patent, knowing the same to be especially made or adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

33. Village Green is informed and believes, and on that basis alleges, that Samsung has gained substantial profits by virtue of its infringement of the '663 Patent.

34. Village Green has sustained damages as a direct and proximate result of Samsung's infringement of the '663 Patent.

35. Village Green will suffer and is suffering irreparable harm from Samsung's infringement of the '663 Patent.  Village Green has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '663 Patent.  Unless enjoined, Samsung will continue its infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Village Green respectfully seeks the following relief:

    A. Declare that Samsung has infringed one or more claims of the Patents in Suit, namely the '401 and the '663 patents.

    B. Enter a preliminary and permanent injunction prohibiting Samsung, its subsidiaries, divisions, agents, servants, employees, and all those acting in concert with and/or who are

in privity with Samsung and/or any of the foregoing from infringing, contributing to the infringement of, and/or inducing infringement of the Patents in Suit, and for all further proper injunctive relief;

C. Award to Plaintiff Village Green of at least $80,000,000 in damages for Samsung's infringement, with pre-judgment and post-judgment interest, damages, as well as enhanced damages, including costs (including expert fees), disbursements, and reasonable attorneys' fees incurred by Plaintiff in this action, pursuant to 35 U.S.C. §§ 284-285, finding this to be an "exceptional" case; and

D. Grant any and all such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure re and Local Rule CV-38(a) on all issues so triable.

Dated: <u>August 26, 2021</u>　　　　　　　　　　**BRUNDIDGE & STANGER, P.C.**

By:　<u>　/s/ David E. Moore　　　　</u>
David E. Moore
　　State Bar No. 612130143
Carl I. Brundidge
　　(*pro hac vice forthcoming*)

1925 Ballenger Avenue #560
Alexandria, VA 22314
Telephone: +1 (703) 684-1470
david.moore@brunddige-stanger.com
cbrundidge@brunddige-stanger.com
*Counsel for Plaintiff*